WHITALL-TATUM COMPANY, PLAINTIFF, v. THE BOR-
OUGH OF VINELAND, RESPONDENT.

Argued January 7, 1925—Decided November 24, 1925.

1. Where a contract is made between two parties solely for the
   benefit of third persons, any of the beneficiaries may bring an
   action for injuries directly resulting to him for a breach of such
   contract by the person whose promise was made for his benefit.
2. A person who, without mistake of fact, voluntarily pays money
   on a demand which is not enforceable against him, cannot after-
   ward recall such payment.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the rule, *Thomas H. Tuso.*

*Contra, Louis H. Miller.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The complaint in this case
contains two counts. By the first count the plaintiff seeks
to recover moneys paid for electric power furnished to it by
the borough of Vineland from March 21st, 1922, to January
8th, 1923, in excess of the fair value thereof. By the second
count it seeks to recover excess payments for such power from
July 1st, 1918, to March 21st, 1922. The defendant denies
that the charges for such power were excessive. The case
was tried at the Cumberland Circuit, without a jury, and
resulted in a finding in favor of the plaintiff on each count.

The situation disclosed by the proofs was this: The bor-
ough of Vineland, having constructed an electric light and
power plant within its territorial limits, took advantage of the
provisions of chapter 336 of the laws of 1915 (*Pamph. L.,
p.* 610) to extend its system into the township of Landis for

the purpose of supplying that township and the residents thereof with light and power. The statute referred to provides that every municipality extending its system into other territory shall be subject to the board of public utilities, and shall file with the board the rates proposed to be charged in outside territory, which, to be effective, must receive the approval of the board as to their reasonableness. The defendant borough failed to comply with this requirement, and fixed its own rates to be charged in the township of Landis, without submitting them to the utility board, and, of course, without receiving its approval thereof. In 1921 certain parties resident in Landis township (of whom the plaintiff was not one), who were receiving light and power from the defendant borough, appealed to the utility board for a revision of the rates charged them. The hearing was begun on March 21st, 1922, and concluded on December 14th of that year; and, on the latter date, the board made the following order: "The said borough of Vineland is ordered to reduce the future bills for electric power delivered to those outside the borough limits, when said bills are made out at the existing schedule rates, by twenty-five per cent. The rates hereby ordered are fixed as just and reasonable charges to be made. This order shall become effective January 8th, 1923." When the matter was first taken up for consideration and action by the board on March 21st, 1922, counsel for the defendant borough asked a postponement of the hearing in order that he might gather together more testimony with relation to the cost of defendant's plant and its maintenance. This application being opposed, and the board, apparently, being unwilling to grant it, counsel then made this proposition: "In framing my request, if, after a thorough investigation, it should be found that the rates have not been reasonable and that these consumers are paying an excess on the rates as established by this board, from to-day on we will reimburse the consumers." After some further discussion between the counsel of the respective parties, the board adjourned the hearing, upon condition "that any excess charge, after the current month's bills, should be rebated if the board should find the rate to have

been excessive." This condition was accepted by counsel for the defendant borough, and thereupon an adjournment was had until June 6th, and the hearing was then continued from time to time until the order above recited was made.

On these facts the trial court based its finding that plaintiff was entitled to judgment on the first count of its complaint—that is, for the amount of moneys paid by it to the borough from March 21st, 1922, to January 8th, 1923, in excess of the rate fixed by the board by its order of December 14th, 1922. As to this finding, we consider it to have been fully justified by the proofs. The borough, through its counsel, expressly agreed with the utility board that, if its application for a postponement of the hearing was granted, it would refund "any excess charge," if the board should finally determine that the current rate was excessive. This agreement was made by the borough, not for the benefit of the board, not solely for the benefit of those consumers who had instituted the proceedings, but for the benefit of all consumers located in the township of Landis; and each one of such consumers is entitled to maintain an action for a breach thereof by the borough resulting in pecuniary loss to him, and to recover the amount of that loss. *Practice Act,* § 28; *Comp. Stat., p.* 4059; *Holt* v. *United Security Life Ins. Co.,* 76 *N. J. L.* 585; *Fleming* v. *Reed,* 77 *Id.* 563; *Lewine* v. *Baltar,* 97 *Id.* 231.

As to the second count: We fail to see any ground upon which the plaintiff's claim can be supported. Whether the rates which were charged, up to the time of the beginning of the hearing, were reasonable or not was a matter never brought to the attention of the board of utility commissioners, and, consequently, never considered, much less determined, by that body. It does not necessarily follow that because at the time of the conclusion of the hearing the board determined that the rates charged after March 21st, 1922, were excessive, the rates charged for several years prior to that date were also excessive. So far as the proofs indicate, neither the present plaintiff nor any other consumer located in Landis township ever challenged their reasonableness by an appeal

to the board of utility commissioners or in any other manner. There is nothing in the proofs submitted which even suggests that these payments were made by the plaintiff under a mistake of fact or as a result of fraud, duress or extortion practiced upon it by the borough. On the contrary, it is quite clear that they were voluntarily made, and it is entirely settled in this state that money paid under such circumstances, although in excess of the amount legally due, cannot be recalled. *Camden* v. *Green,* 54 *N. J. L.* 591; *Koewing* v. *West Orange,* 89 *Id.* 539; *McCrory Stores Corp.* v. *Braunstein,* 99 *Id.* 166; *Schaedel* v. *Liberty Trust Co., Id.* 380.

For the reasons above expressed, the rule to show cause will be discharged so far as it involves the plaintiff's right of recovery under the first count of its complaint, and will be made absolute so far as it involves the claim set out in the second count thereof.